IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SKYLAR ANNABELL CONLEY-REIFER,<br><br>*Plaintiff,*<br><br>v.<br><br>BUTLER COUNTY PRISON, *et al*,<br><br>*Defendants.* | Civil Action No. 2:23-cv-1804<br><br>Hon. William S. Stickman IV<br>Hon. Patricia L. Dodge |

## ORDER OF COURT

Plaintiff Skylar Annabell Conley-Reifer ("Plaintiff"), a prisoner in the custody of the Federal Bureau of Prisons, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, concerning events that occurred when Plaintiff was confined in the Butler County Prison.

Defendant former Captain Randy S. Russell filed a Motion to Dismiss Plaintiff's Original and Amended Complaint Pursuant to Rule 12(b)(6) and Motion for More Definite Statement Pursuant to Rule 12(e). (ECF No. 100). The Honorable Magistrate Judge Patricia L. Dodge issued a Report and Recommendation that the motion for a more definite statement be denied as the nature of Plaintiff's claim against former Captain Randy S. Russell can be discerned, and that the motion to dismiss be denied as Plaintiff states a plausible claim of excessive force under the Fourteenth Amendment. (ECF No. 110). The parties were given the opportunity to file objections and Plaintiff did so, although none of Plaintiff's objections were directed to Magistrate Judge Dodge's recommended disposition of former Captain Randy S. Russell's motion. (ECF No. 115).

Defendants Butler County Prison, Warden Beau Sneddon, Jennifer Passarelli, Justin Baptiste, Major Jeffrey Kengerski, Captain Tyler Wingrove, Captain Jordon Popinski, Sergeant

1

Michael Waltmire, Corrections Officer Samuel Collins, Corrections Officer Tyler Sager, and Corrections Officer Kellie Moculskie (collectively, "County Defendants") filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) and Motion for More Definite Statement Pursuant to Rule 12(e). (ECF No. 54). Magistrate Judge Dodge issued a Report and Recommendation that the motion to dismiss be granted in part and denied in part, and that the motion for a more definite statement be denied. (ECF No. 106). As to the motion for a more definite statement, Magistrate Judge Dodge explained that it should be denied because, "the Court has reviewed the complaints in detail and is able to discern the nature of the claims that Plaintiff appears to assert as set forth herein. Plaintiff's claims are not unintelligible, nor are they so vague or ambiguous that the [County] Defendants cannot respond even with a simple denial without prejudice to themselves." (*Id.* at 6). As to the motion to dismiss, Magistrate Judge Dodge recommended the motion be:

1. Denied as to Plaintiff's (a) claims of retaliation against Major Jeffrey Kengerski, Captain Tyler Wingrove, and Captain Jordon Popinski; (b) the delay of medical care claim against Corrections Officer Kellie Moculskie; (c) the claim of excessive force against Corrections Officer Samuel Collins; and (d) the failure to protect claim against Corrections Officer Tyler Sager.

2. Granted with prejudice with respect to Plaintiff's (a) claims against Butler County Prison; (b) transgender-related claims against Justin Baptiste; (c) claims concerning verbal harassment; (d) claims concerning the grievance system; and (e) illegal search claim against Corrections Officer Tyler Sager.

3. Granted in all other respects without prejudice and with leave to amend.

(*Id.* at 6-21). The parties were given the opportunity to file objections and Plaintiff did so contending that "the claims made against defendant Baptiste related to Transgender issues & punitive searches should be allowed to proceed forward...." (ECF No. 115, p. 1).

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id*. Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Magistrate Judge Dodge's Reports and Recommendations, the objections filed thereto, and the Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that Plaintiff's objections (ECF No. 115) are OVERRULED. The Court has exercised its *de novo* review and concurs with Magistrate Judge Dodge's thorough analysis and her legal conclusions. It has independently reached the same legal conclusions for the same reasons expressed in the Report and Recommendations. Therefore, the Court hereby APOPTS Magistrate Judge Dodge's Report and Recommendations (ECF No. 106 and 110) as its Opinions.

AND NOW, this ____ day of January 2025, IT IS HEREBY ORDERED that Defendant former Captain Randy S. Russell's Motion to Dismiss Plaintiff's Original and Amended Complaint Pursuant to Rule 12(b)(6) and Motion for More Definite Statement Pursuant to Rule 12(e) (ECF No. 100) is DENIED.

IT IS FURTHER ORDERED that the County Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) and Motion for More Definite Statement

Pursuant to Rule 12(e) (ECF No. 54) is GRANTED IN PART and DENIED IN PART as follows:

- The motion for a more definite statement is DENIED.

- The motion to dismiss is DENIED as to (1) the claims of retaliation against Major Jeffrey Kengerski, Captain Tyler Wingrove, and Captain Jordon Popinski; (2) the delay of medical care claim against Corrections Officer Kellie Moculskie; (3) the claim of excessive force against Corrections Officer Samuel Collins; and (4) the failure to protect claim against Corrections Officer Tyler Sager.

- The motion to dismiss is GRANTED as to (1) claims against Butler County Prison; (2) transgender-related claims against Justin Baptiste; (3) claims concerning verbal harassment; (4) claims concerning the grievance system; and (5) the illegal search claim against Corrections Officer Tyler Sager. All of these claims are DISMISSED WITH PREJUDICE as the Court finds further amendment to be futile.[1] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). Defendants Butler County Prison, Warden Beau Sneddon, Jennifer Passarelli, Justin Baptiste, Sergeant Michael Waltmire, and Corrections Officer Tyler Sager are hereby TERMINATED AS PARTIES in this case.

- In all other respects, the motion to dismiss is GRANTED without prejudice and with leave to amend.

---

[1] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024).

4

- Plaintiff is permitted to file a second amended complaint as to the claims and parties not dismissed with prejudice. In other words, as to the named County Defendants, the case would proceed only on the claims of: retaliation against Major Jeffrey Kengerski, Captain Tyler Wingrove, and Captain Jordon Popinski; delay of medical care against Corrections Officer Kellie Moculskie; failure to protect against Officer Tyler Sager; and excessive force against Corrections Officer Samuel Collins.
- Second Amended Complaint due by **March 13, 2025**.

BY THE COURT:

1/27/2025

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE