IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SKYLAR ANNABELL CONLEY-REIFER, | |
| *Plaintiff,* | Civil Action No. 2:23-cv-1804 |
| v. | Hon. William S. Stickman IV |
| BUTLER COUNTY PRISON, *et al,* | Hon. Patricia L. Dodge |
| *Defendants.* | |

## ORDER OF COURT

Plaintiff Skylar Annabell Conley-Reifer ("Plaintiff"), a prisoner in the custody of the Federal Bureau of Prisons, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, concerning events that occurred when Plaintiff was confined in the Butler County Prison. Some claims and parties have been dismissed with prejudice. The operative pleading is the Third Amended Complaint. (ECF No. 132).

Defendant former Captain Randy S. Russell filed a motion to dismiss. (ECF No. 135). The Honorable Magistrate Judge Patricia L. Dodge issued a Report and Recommendation that the motion to dismiss be denied as Plaintiff states a plausible claim under the Fourteenth Amendment. (ECF No. 156). The parties were given the opportunity to file objections and Plaintiff did so, although none of Plaintiff's objections were directed to Magistrate Judge Dodge's recommended disposition of former Captain Randy S. Russell's motion. (ECF No. 160).

Defendants Warden Beau Sneddon, Major Jeffrey Kengerski, Captain Tyler Wingrove, Captain Jordan Popinski, Sergeant Michael Waltmire, Corrections Officer Samuel Collins, Corrections Officer Tyler Sager, and Corrections Officer Kellie Moculski (the "County Defendants") filed a motion to dismiss. (ECF No. 133). Magistrate Judge Dodge issued a Report and Recommendation that the motion be granted, and that the only claims that should proceed against the County Defendants are the claims of retaliation against Major Jeffrey Kengerski, Captain Tyler Wingrove, and Captain Jordan Popinski, the delay of medical care claim against Officer Kellie Moculski, the failure to protect claim against Corrections Officer

Tyler Sager, and the claim of excessive force against Corrections Officer Samuel Collins. (ECF No. 157). The parties were given the opportunity to file objections and Plaintiff did so, primarily seeking to amend her procedural due process claim against Sergeant Michael Waltmire. (ECF No. 160). The County Defendants filed a Response arguing that Plaintiff's objections should be overruled, and Plaintiff's due process claim against Sergeant Michael Waltmire should be dismissed with prejudice. (ECF No. 161).

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Magistrate Judge Dodge's Reports and Recommendations, the objections filed thereto, and the Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that Plaintiff's objections (ECF No. 160) are OVERRULED. The Court has exercised its *de novo* review and concurs with Magistrate Judge Dodge's thorough analysis and her legal conclusions. It has independently reached the same legal conclusions for the same reasons expressed in the Reports and Recommendations. Therefore, the Court hereby APOPTS Magistrate Judge Dodge's Reports and Recommendations (ECF Nos. 156 and 157) as its Opinions.

AND NOW, this __21__ day of January 2026, IT IS HEREBY ORDERED that Defendant former Captain Randy S. Russell's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Rule 12(b)(6) (ECF No. 135) is DENIED.

IT IS FURTHER ORDERED that the County Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Rule 12(b)(6) (ECF No. 133) is GRANTED. More specifically, (1) all previously asserted claims (*see* ECF No. 157, p. 6) are again dismissed with prejudice; (2) all newly raised claims outside the scope of permissible amendment (*see id.* at 6-7) are dismissed with prejudice; (3) all claims against Warden Beau Sneddon are dismissed with prejudice and he is TERMINATED as a party; and, (4) the procedural due process claim against

Sergeant Michael Waltmire is dismissed with prejudice and he is TERMINATED as a party.[1] The only claims that shall proceed as to the County Defendants are the claims of retaliation against Major Jeffrey Kengerski, Captain Tyler Wingrove, and Captain Jordan Popinski, the delay of medical care claim against Officer Kellie Moculski, the failure to protect claim against Corrections Officer Tyler Sager, and the claim of excessive force against Corrections Officer Samuel Collins.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has had multiple opportunities to remedy pleading deficiencies. The Court finds that further amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").