**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SKYLAR ANNABELL CONLEY-REIFER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1804 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| MAJOR JEFFREY KENGERSKI | ) | |
| (*FORMER CAPTAIN*), *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Skylar Annabell Conley-Reifer's objections (Docket No. 196) to the Report and Recommendation ("R&R") of Magistrate Judge Kezia O. L. Taylor, entered on August 10, 2026 (Docket No. 194). The R&R recommends that the Court grant the Motion to Dismiss Plaintiff's Third Amended Complaint (Docket No. 177), filed by Defendant Tim Boden ("Defendant Boden"). Service of the R&R was made on Plaintiff via U.S. Mail and on Defendant Boden via CM/ECF. (Docket No. 194 at 15 and docket entry text). The parties were informed that any objections to the R&R were due by August 24, 2026, for ECF users, and by August 27, 2026, for unregistered ECF users, and any responses opposing such objections were due fourteen days thereafter. (*Id.*). Plaintiff filed a "Motion for 30 Day Extension" ("Motion for Extension"), dated August 27, 2026, requesting an extension of time to file her objections to the R&R. (Docket No. 195). Nevertheless, Plaintiff filed her objections

dated September 1, 2026, to the R&R. (Docket No. 196).[1] Defendant Boden did not file a response to Plaintiff's objections, nor did he file objections of his own.

In her objections to the R&R, Plaintiff disagrees with Judge Taylor's conclusion that Plaintiff did not state a claim under the First Amendment, and that Defendant Boden's Motion to Dismiss her First Amendment free exercise claim should therefore be granted. (Docket No. 196 at 1). Plaintiff argues that she did, in fact, state a First Amendment claim because she was "denied … access" to requested religious materials related to her Wiccanism by Defendant, who was at the time the Chaplain of the Butler County Prison.[2] (*Id.*) It is this denial of access to religious materials, she argues, that serves as the basis of her claims, rather than any request to "use the physical chapel at Butler County Prison." (*Id.* at 1–2).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R and Plaintiff's objections, as well as the record in its entirety, the Court will reject the R&R's recommended disposition as to Plaintiff's First Amendment free exercise claim, but will accept the R&R's recommended disposition as to Plaintiff's Fourteenth Amendment equal protection claim. In so ruling, the Court finds that Plaintiff's objections

---

[1] Because Plaintiff filed her objections before this Court ruled on to her Motion for Extension (Docket No. 195), her Motion for Extension no longer presents an issue for this Court to rule upon. Accordingly, Plaintiff's Motion for Extension will be denied as moot.

[2] While Plaintiff, in her objections, alleges that she has stated claims under the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), her Third Amended Complaint does not include claims under these statutes. (Docket No. 196 at 1–2). Therefore, the Court will only consider Plaintiff's First and Fourteenth Amendment claims against Defendant Boden. (Docket No. 132, ¶ 30).

undermine the R&R's recommended disposition as to Plaintiff's First Amendment free exercise claim, but not as to Plaintiff's Fourteenth Amendment equal protection claim. Accordingly, the Court will adopt the R&R, as modified herein, as the opinion of the Court, and Defendant Boden's Motion to Dismiss will be granted in part and denied in part. Specifically, the Motion will be denied as to Plaintiff's First Amendment free exercise claim, and granted as to Plaintiff's Fourteenth Amendment equal protection claim.

With regard to Plaintiff's First Amendment free exercise claim, while the Court agrees with Judge Taylor that, as Prison Chaplain, Defendant Boden is not required to accommodate every religious request made in the Butler County Prison, the Court does not agree that Defendant Boden was not obligated to fulfill Plaintiff's request for religious materials without citing a compelling, and competing, penological interest.[3] Defendant Boden claims that Plaintiff's First Amendment free exercise claim is based on her inability to access the Prison chapel to practice her religion. Defendant Boden also cites Third Circuit authority to support the proposition that "[a] special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." *Sharp v. Johnson*, 669 F.3d 144, 160 (3d Cir. 2012) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972)). However, Defendant Boden misconstrues the factual basis for Plaintiff's First Amendment claim. Plaintiff's First Amendment free exercise claim is not predicated upon a lack of access to the

---

[3] As a predicate matter, Plaintiff has first plausibly stated that Defendant Boden was acting under color of state law when performing his duties as the Prison Chaplain, and, accordingly, is a state actor against whom First and Fourteenth Amendment claims can be brought. *See, e.g., Drew v. Walton*, No. 18-1452, 2021 WL 2155448, at *6 (W.D. Pa. May 27, 2021) ("[T]he County of Westmoreland contracted with Chaplain Badamo to provide religious services to prisoners, thereby delegating to him the responsibility to provide religious services to inmates and in doing so, granted him broad access to the inmates when providing such services. Based on the summary judgment record evidence, the Court has no hesitancy in finding that Defendant Badamo should be considered a state actor in this case.").

Prison chapel. Instead, Plaintiff alleges in her Third Amended Complaint that she "requested religious information and materials from Defendant Chaplain Tim Bogden[sp] in accordance with her Wiccan faith," and that in response to her request, Defendant Boden denied her access to those materials, "admonished her for her choice in religion and berated her for being transgender," and "told her that she could not receive services from the prison's chapel unless she converted to Christianity." (Docket No. 132, ¶ 18).[4]

The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith." *Cruz,* 405 U.S. at 322 & n.2. The United States Supreme Court in *O'Lone v. Shabazz* established, however, that when a prison rule or practice encroaches upon inmates' constitutional rights, "the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. 342, 349 (1987). Here, Defendant Boden has not pointed to a regulation or rule meant to further legitimate penological interests that prohibited him from allowing Plaintiff to access materials on Wiccanism, imposing a substantial burden on her religious practice. *Yates v. Painter*, 306 F. App'x 778, 780 (3d Cir. 2009) (reversing and remanding the dismissal of a free exercise claim after plaintiff's religious materials were confiscated because "limiting an inmate's access to the religious literature that he is required to read as part of his practice *constitutes a substantial burden on his religious exercise*") (emphasis added)); *McCollum v. Dauphin Cnty. Prison Bd.*, No. 1:22-CV-1710, 2024 WL 5173254 at *1 (M.D. Pa. Dec. 19, 2024) (refusing to dismiss Plaintiff's free exercise claim when Plaintiff

[4] Plaintiff, in her objections to Judge Taylor's R&R (Docket No. 196), stated: "I never sought to use the physical chapel as Butler County prison had no such chapel (let alone a "Christian" chapel)." (*Id.* at 2).

requested literature related to his religious practice of Santeria and merely received two-week access to one library book after a nine-month wait).

Furthermore, the cases that Defendant Boden cites to support his argument are all related to the provision of religious spaces or personnel, which carry higher corresponding costs for prisons than the provision of reading materials. *See, e.g., Sharp,* 669 F.3d at 160 ("The requirement that a state interpose no unreasonable barriers to the free exercise of an inmate's religion cannot be equated with the suggestion that the state has an affirmative duty to provide, furnish, or supply every inmate with a *clergyman or religious services of his choice*.") (emphasis added)); *Boretsky v. Corzine*, No. 08 civ. 2265, 2011 WL 2610370, at *13 (D.N.J. June 30, 2011) (holding that a Jewish inmate's restriction from congregational services as well as communal activities did not violate his constitutional rights); *Palmer v. Rustin*, No. 10 civ. 0042, 2011 WL 2489820, at *9 (W.D. Pa. June 21, 2011) (dismissing a free exercise claim predicated on denial of right to attend Muslim services). In light of Plaintiff's fundamental First Amendment right to exercise her religious beliefs without a substantial burden, and the correspondingly low cost to the Butler County Prison to provide access to religious materials, this Court respectfully disagrees with Judge Taylor's recommendation that Plaintiff's First Amendment free exercise claim be dismissed at this stage.[5]

However, the Court agrees with Judge Taylor that Plaintiff did not plead facts to support a Fourteenth Amendment equal protection claim. In her Third Amended Complaint, Plaintiff does

---

[5] The Court agrees with Judge Taylor, however, that Defendant Boden's comments made after Plaintiff requested religious materials, while inflammatory, cannot themselves serve as a violation of Plaintiff's First Amendment rights. *See Thompson v. Ireland*, C.A. No. 13-150 Erie, 2014 WL 4187088, at *5 (W.D. Pa. Aug. 21, 2014) (finding that verbal harassment related to inmate's religion is insufficient to show defendants restricted or interfered with plaintiff's free exercise of religion). The Court therefore agrees with Judge Taylor insofar as Plaintiff's First Amendment free exercise claim cannot be based on Defendant Boden's comments about Plaintiff's religion and transgender status.

not allege that she is a member of a protected class, which individuals would be similarly situated, and how Plaintiff was treated differently than those individuals – all necessary showings to state a Fourteenth Amendment equal protection claim. *See Cruz*, 405 U.S. at 322 ("[T]o state a claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class and (2) he was treated differently from similarly situated inmates."). Therefore, the Court agrees with Judge Taylor's recommendation that Plaintiff's Fourteenth Amendment equal protection claim should be dismissed without prejudice and with leave to amend.

Accordingly, the Court enters the following Order:

AND NOW, this 14th day of October, 2026,

IT IS HEREBY ORDERED that to the extent set forth above Plaintiff's objections (Docket No. 196) to the R&R (Docket No. 194) are SUSTAINED, and the R&R is ADOPTED, as modified herein, as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendant Boden's Motion to Dismiss Plaintiff's Third Amended Complaint (Docket No. 177) is GRANTED IN PART AND DENIED IN PART. The Motion is granted to the extent that Plaintiff's Fourteenth Amendment equal protection claim is dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The dismissal of Plaintiff's Fourteenth Amendment equal protection claim is without prejudice and with leave to amend. The Motion is otherwise denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension (Docket No. 195) is DENIED AS MOOT.

If Plaintiff wishes to file a Fourth Amended Complaint, she shall do so by **November 11,**

**2026**, in which case Defendant shall respond thereto by **December 9, 2026**. If Plaintiff does not file an Amended Complaint by **November 11, 2026**, then Plaintiff's Fourteenth Amendment equal protection claim will be dismissed with prejudice.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: The Honorable Kezia O. L. Taylor
All counsel of record